Curia, per
Withers, J.
The first ground of appeal questions the liability of defendants, assuming that the evidence makes a case sustainable against some one.
In all that occurred between Mrs. Freer and her companion, the only witness in this case, and the defendants’s agent or clerk, the latter was acting strictly in the line of his employment, in capacity of representative of his principals. If, therefore, he was guilty of any negligence at all, which was actionable, it must be, upon all reason and authority, such as involves the responsibility of the defendants. Nor is there any difficulty in the further objection, advanced in the same ground, that the person and identity of the clerk were not established. Whatever might be his name, or other characteristic attending him, he was a person in charge of the establishment of defendants, it must be presumed (in the absence of adverse proof,) with their knowledge and with their procurement. The evidence in this behalf must be enough to raise all the responsibilities that grow out of the relation of principal and agent.
The second ground of appeal advances the position that the conduct of Mrs. Freer manifested such degree of carelessness or want of circumspection, — an absence of such ordinary caution as, in contemplation of law, should cause her to be reputed the author of her own misfortune. We recognize the doctrine, that if a party has been guilty of fault or negligence, not wanton and intended for mischief, and another, by his own want of ordinary caution, shall suffer damage thereby, the law will not help to a recovery, for it will meet him with its own maxim, “ damnum absque injuria.” But there can be no sensible administration of these propositions in practice, unless we take into account many *232 circumstances that may vary each particular case. The caution or prudence that we might well exact of one person, suffering damage from a particular cause, would not do justice to another, complaining of a like injury, and arising in the same way. For instance, if Mrs. Freer had known that the same incident had previously occurred to another, at the same place: if it were proved that she had a familiar knowledge of the premises: if it were in evidence that she obtruded herself with an unusual and improper freedom, instead of following the lead and invitation of the clerk, (as the testimony is,) and so forth, a jury might find in such circumstances material variations from the features of the case, as we have it. Yery substantial variations might arise from the consideration of age, since we could not demand of a child the precaution and circumspection of mature years. There is something in the very fact that the place of disaster was a store, with the usual invitation to every customer to enter, with every attraction to look upwards, and not downwards. Now who would ever dream that in such a place, in any part of it where articles were exhibited for examination and sale, an open pit was to be found, such as Mrs. Freer encountered 1 She would have had even more cause to apprehend that-an overhanging chandelier might be so carelessly adjusted as to fall upon her in the middle of the room. We cannot discover in the evidence reported anything which makes the law cited for the defendants, and not disputed, available for their protection.
It is next insisted that the defendants violated no law or right in another in maintaining a cistern in a retired part of their store; and if injury, purely accidental, resulted from such legitimate exercise of the rights of property, there is no ground for redress.
Let this be admitted. But what is our case ? It is not the cause of action that the defendants kept a cistern in one or other part of their store. The complaint is, and the evidence sustains it, that the entrance to the cellar (or cistern, if that was the structure,) was left open, from the darkness of the day, and place not readily discoverable, and that the complaining party fell in and was thereby damnified, while visiting a portion of the store, in *233 conformity to the clerk’s invitation. Surely these facts point to culpable carelessness on the part of the defendants only. While our law encourages the full exercise of dominion over property by the proprietor,'it inculcates, in the same breath, the injunction, so use your own that you hurt not another. (Vide Leslie vs. Pounds, 4 Taunt. 649; Coupland vs. Hardingham, 3 Camp. 398.)
As to the suggestion that there was here pure accident, it is enough to say that this cannot be, where on one side there was fault and negligence producing injury.
In actions founded really upon tort, (not meaning those so in form, but in reality, quasi ex contractu,) we have no tribunal to adjust the damages, upon proof of the cause of action, except the jury. Neither in theory nor in practice is such the appropriate function of this Court.
The motion must therefore be refused.
O’Neall, Evans, Ward law, Frost and Whitner, JX, concurred.

Motion refused.